## CHARLESTON.

HOLSTINE *et als.* v. YOUNG *et als.*

Submitted October 17, 1916.     Decided October 24, 1916.

GUARDIAN AND WARD—*Sale by Guardian—Action to Set Aside—Evidence.*

A case involving only familiar principles of law; in which a bill, attacking a guardian's deed for his ward's land, made pursuant to decrees of court authorizing and confirming the sale and conveyance thereof, entered in proceedings had therefor which are regular in all respects, and charging fraud in the procurement thereof, is not supported by the proof.

Appeal from Circuit Court, Kanawha County.

Bill in equity by Ida May Holstine and others against C. E. Young and others. From a decree for defendants, plaintiffs appeal.

*Affirmed.*

*Harold W. Houston,* for appellants.

*A. M. Belcher,* for appellees.

WILLIAMS, PRESIDENT:

Ida May Holstine, Macel G. Copen, married women and sisters whose maiden names were Young, and Elvin W. Young, an infant who sues by his next friend Charles Young, brought this suit against C. E. Young, now guardian of Elvin W. Young and formerly the guardian also of the two plaintiffs first named, to avoid a certain deed made by him, as such guardian, to Mrs. Mary E. Quick, granting to her their three undivided ninths in a tract of 50 acres of land, situated on the waters of Blue Creek in Kanawha county, and a deed from said Mary E. Quick and husband to said C. E. Young, reconveying to him the surface of said undivided interests, on the alleged ground of fraud, and from a decree denying relief and dismissing their bill plaintiffs have appealed.

In the year 1909, when the aforesaid plaintiffs were all infants, C. E. Young was appointed their guardian. He qualified as such, and then filed his petition in the circuit court of Kanawha county, averring that the interests of his wards would be promoted by a sale of their land, and praying that a sale thereof be ordered. His petition was properly verified, a guardian ad litem was appointed for the infants and answered for them, the plaintiff replied thereto generally, and the cause was heard upon the pleadings and "evidence adduced in open court," whereupon the court ordered the guardian to sell the interests of his wards in the aforesaid tract of land, either publicly or privately in his discretion, on such terms as may be for their best interests, and to make report thereof to court for confirmation. He gave the bond required by the decree, and reported that he had sold his wards' three undivided interests to Mary E.

Quick for cash, at the price of $195.00, or $65.00 for each share, which he considered a fair price, and recommended a confirmation of the sale. It was immediately confirmed, and the guardian was directed to convey the land to the purchaser, upon the payment to him, as such guardian, of the purchase money. The foregoing facts appear from a copy of the proceedings, made a part of the record in this suit. Although the sale was confirmed in August, 1909, a deed was not made by the guardian to Mrs. Mary E. Quick until the 15th of February, 1912. The reason assigned by him for not making it sooner is, that Mrs. Virgie Jarrett, a sister of the aforesaid infants and also of Mrs. Quick, objected to the sale. The guardian was also a brother of his wards, and all of them were cotenants of the land, each having acquired a one-ninth by inheritance from their mother. Mrs. Jarrett's objection was no excuse for delaying the execution of the deed, as she had no right to object. Her interest was not affected by the sale.

It is clearly proven and was admitted by counsel for plaintiffs, in his oral argument, that the price paid by Mrs. Quick was a fair one, and all the land was reasonably worth at the time of the sale. But it is insisted, that the reconveyance of the surface of said three-ninths to the guardian was a gift, made in pursuance of a fraudulent agreement between the guardian and Mrs. Quick's husband, with whom the negotiations for the sale were had, entered into either prior to, or at the time of the sale. If this were true it would no doubt vitiate the sale, because the policy of the law forbids a guardian to deal with his ward's property for his personal advantage. He would not be permitted to acquire a personal interest in their land, either directly or indirectly, through his sale as guardian, even though it might be apparently beneficial to their interest to permit him to do so. Such transactions are voidable, at the election of the ward in a reasonable time after attaining his majority. But the charge of fraud is denied by the answer, and it is not proven. True Mrs. Quick did make C. E. Young, the guardian, a gift of the surface, but why she did so, is fully explained by the testimony of George Quick, her husband, and is not denied by

C. E. Young, who is the most material witness for plaintiffs, or by any other witness. George Quick testified that his wife had tuberculosis and knew she had not long to live, and conveyed the surface of the three interests to C. E. Young because he was the only one of the nine cotenants who had a family and no home, and that, in obedience to her wish, he procured a deed to be written and joined her in the execution of it. He denied that there was any agreement to do so, entered into before the deed was made to her by the guardian. In his testimony regarding the same point, C. E. Young says: "The evening I signed up the deed he (meaning George Quick) said, if I would sign this deed without any further trouble I will give you the surface. Q. That is the first time he had ever made you the statement, the evening you signed the deed? A. It is the first time he made the statement that he would give me the surface." Sometime after the confirmation of the sale and before the guardian made his deed to Mrs. Quick, oil was discovered on the waters of Blue Creek, in the neighborhood of this tract of land. This discovery no doubt gave to the land a speculative value, which it did not have at the time of sale, and although this circumstance may afford some explanation for the delay in making the deed, and of Mrs. Quick's willingness to give her brother the surface, even if her only purpose in doing so was to get a complete legal title to the mineral, still it does not afford sufficient ground for avoiding the sale, which became complete by confirmation, and vested in Mrs. Quick a complete equitable title, the price paid by her having been shown to be adequate and the proceedings, under which the sale was made, in all respects regular and lawful.

As additional evidence of the adequacy of the price paid, it is proven that it was much more, per share, than some of the adult cotenants had sold a like interest for, and fully as much as any one of them had received, near the same time, for his share. No cause being shown for avoiding the guardian's deed to Mrs. Quick, it necessarily follows that plaintiffs have no cause to complain of her deed to the guardian for the surface.

The decree of the lower court is affirmed.

     *Affirmed.*